Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1375 | **DATE** | 10/23/2003 |
| **CASE TITLE** | Michael Moline vs. Experian Information Solutions, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment is granted. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 24 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RO | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MOLINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 03 C 1375 |
| v. | ) |
| | ) Judge Ruben Castillo |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

DOCKETED
OCT 24 2003

# MEMORANDUM OPINION AND ORDER

Plaintiff Michael Moline ("Moline") sued Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act ("FCRA"), as amended, 15 U.S.C. § 1681 *et seq.*, and for defamation. In particular, Moline claims that Experian: (1) violated 15 U.S.C. § 1681i(a) by willfully and negligently failing to conduct a proper and reasonable reinvestigation of allegedly inaccurate information in Moline's credit report, failing to provide all relevant information regarding the dispute to the furnishing entities, failing to review and consider all relevant information submitted, and failing to delete the information from his credit file after reinvestigation; (2) violated 15 U.S.C. § 1681i(c) by willfully and negligently failing to note the dispute on subsequent reports; and (3) violated 15 U.S.C. § 1681e(b) by willfully and negligently failing to follow reasonable procedures to ensure maximum accuracy of his credit report. (R. 1, Compl. at ¶¶ 20(a)-(f).) Moline also claims that Experian defamed him by publishing credit statements both orally and in writing that reflect negatively and inaccurately on his character.

Experian's motion for summary judgment on all counts is presently before this Court. (R. 10-1.) After viewing the facts in the light most favorable to Moline, we conclude that there are no genuine issues of material fact and that Experian is entitled to judgment as a matter of law. Accordingly, we grant Experian's motion for summary judgment.

**RELEVANT FACTS**

On or about October 30, 1996, Michael and Nancy Moline purchased a new 1997 Ford Escort Wagon. (R. 16, Pl.'s Facts, Ex. M, Moline Dep. at 13.) Ford Motor Credit Corporation ("FMCC") financed the Ford Escort; Michael signed the financing document as the buyer and Nancy as the co-buyer. (*Id.* at 15-16; *see also* R. 12, Def.'s Facts, Ex. K, Illinois Vehicle Retail Installment Contract; Ex. L, Ford Credit Application Statement.) Michael and Nancy divorced almost three years after buying the Ford Escort. Pursuant to their divorce settlement agreement, they agreed that Nancy would be "the sole owner of the parties' 1997 Ford Escort automobile [and] . . . [would] be solely responsible to pay the entire balance due on the 1997 Ford Escort automobile, together with all taxes, insurance, and outstanding expenses regarding said automobile . . ." (R. 16, Pl.'s Facts at ¶¶ 7, 9.) On or about August 7, 2002, they signed an extension agreement with FMCC, under which they identified themselves, respectively, as "buyer" and "co-buyer." (*Id.*, Ex. J, Extension Agreement at 1.) On or about October 7, 2002, they signed a reversal request form with FMCC that provides that they "understand and agree that (1) neither party is released from the obligations and covenants of the contract, and (2) [they] will continue to be liable on the contract jointly and severally with [FMCC] until such time as the account is paid in full." (R. 12, Def.'s Facts, Ex. P, Reversal Request.)

Experian is a consumer reporting agency. On or about January 6, 2003, Moline requested and received a copy of his consumer disclosure report from Experian. (R. 16, Pl.'s Facts at ¶¶ 3-4.) The report listed the FMCC account for the Ford Escort as "Open/past due 60 days." (*Id.* at ¶ 4.) The following day Moline sent a letter to Experian disputing the accuracy of the FMCC item, stating that the divorce court awarded his ex-wife sole possession of and responsibility for the Ford Escort. (*Id.* at ¶¶ 5-7.) Upon receiving notice of Moline's dispute, Experian sent a consumer dispute verification form to FMCC, setting forth the nature of Moline's dispute and requesting verification of the account status. (*Id.* at ¶¶ 8-9.) On or about January 30, 2003, Moline received from Experian a revised disclosure report stating that the FMCC account would remain on his credit file as reported and advising him that "a divorce decree may not affect [his] contracts with creditors." (*Id.* at ¶ 13.) In response to these events, Moline filed his Complaint on February 25, 2003.

## LEGAL STANDARDS

Summary judgment is only appropriate where the record shows "that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view all facts, and any legitimate inference drawn therefrom, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Naturally, the non-moving party may not avoid summary judgment merely by denying her adversary's charges. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the opponent to a summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material fact," *id.* at 586, and must

file an appropriate response to the movant's statement, *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000).

## ANALYSIS

Moline claims that Experian defamed him and violated three sections of the FCRA: 15 U.S.C. §§ 1681i(a), 1681i(b) and 1681e(b). Experian has moved for summary judgment on all counts. We first address whether Experian is entitled to summary judgment on Moline's FCRA claims.

> In order to state a claim under the FCRA, the plaintiff must demonstrate: (1) inaccurate information was included in their consumer credit reports; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the injury was caused by the inclusion of the inaccurate entry.

*Zahran v. Transunion Corp.*, No. 01 C 1700, 2003 WL 1733561, at *3 (N.D. Ill. March 28, 2003).

Experian claims that it is entitled to summary judgment on Moline's section 1681i(a) and section 1681e(b) claims because, among other reasons, it did not report any inaccurate information. This Court must determine whether Moline's credit report was inaccurate, as a matter of law, in that it stated that payments on the Ford Escort were sixty days past due. Moline is correct that his marital settlement agreement provided that his ex-wife would be solely responsible for the Ford Escort payments. This fact, however, does not establish that his contractually liability to FMCC was extinguished. Indeed, under Illinois law divorce decrees do not terminate an individual's contractual liability to third parties. *See Kujawinski v. Kujawinski*, 71 Ill.2d 563, 574 (1978); *see also* 27B C.J.S. *Divorce* § 548 (2003). Furthermore, Moline signed a reversal request form two years after his divorce stating he agreed and understood that he was not released from liability and that he remained jointly and severally liable until the

4

account is paid in full.[1] This Court finds that, despite the divorce decree, Moline was contractually liable for the Ford Escort payments.

Experian asserts that Moline's credit report was accurate as a matter of law because federal regulations require creditors, such as FMCC, to report contractual obligations and require subsequent creditors to consider these obligations when determining whether to provide credit. *See* 12 C.F.R. Part 202.10(a); 12 C.F.R. Part 202.6(b)(6). We agree. By including the past-due FMCC account on Moline's credit report, Experian acted in accordance with federal regulations. Thus, this Court concludes that Moline's credit report was accurate as a matter of law. Accordingly, we grant Experian's motion for summary judgment with respect to Moline's § 1681i(a) and § 1681e(b) claims.

Experian also seeks summary judgment on Moline's section 1681i(c) claim. Section 1681i(c) provides that:

> Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof.

15 U.S.C. § 1681i(c). Moline did not file the requisite dispute statement. (R. 12, Def.'s Facts, Ex. G, Hughes Decl. at ¶ 20.) Experian's "duty to include the [Moline's] statement of dispute in the report only arises when a statement of dispute is filed." *Mirocha v. TRW, Inc.*, 805 F. Supp.

---

[1] In his deposition, Moline stated that he never signed the reversal request form. (R. 12, Def.'s Facts, Ex. I, Moline Dep. at 20.) His testimony indicates that he asked his ex-wife to sign for him, and more importantly, even if there is a fact issue concerning whether he signed the document, he has provided this Court with no evidence that indicates FMCC released from his contractual obligations.

5

663, 670 (S.D. Ind. 1992). As Experian had no legal duty to include the dispute statement, this Court grants Experian's motion for summary judgment on Moline's section 1681i(c) claim.

Finally, Experian asserts that it is entitled to summary judgment on the defamation claim because Moline cannot prove that Experian acted with "malice or intent to injure." *See* 15 U.S.C. § 1681h(e). This Court has already determined that Experian did not violate the FCRA. Compliance with the FCRA precludes a finding of malicious intent. Thus, this Court grants Experian's motion for summary judgment on Moline's defamation count.

## CONCLUSION

For these reasons, we grant Experian's motion for summary judgment in its entirety. The Clerk of the Court is instructed to enter final judgment pursuant to Federal Rule of Civil Procedure 58 in favor of Experian Information Solutions, Inc. (R. 10-1.)

ENTERED:

**Judge Ruben Castillo**
**United States District Court**

**Dated: October 23, 2003**