FILED

NOV - 6 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MICHAEL MOLINE,

      *Plaintiff,*

    v.

EXPERIAN INFORMATION SOLUTIONS,

      *Defendant.*

Civil Action No. 03 C 1375

Judge Castillo

DOCKETED

NOV - 6 2003

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
## MOTION FOR SANCTIONS AGAINST KROHN & MOSS

    Defendant Experian Information Solutions, Inc. ("Experian"), through its attorney, moves this court for sanctions against Krohn & Moss pursuant to 28 U.S.C. § 1927. In support of this motion, Experian states as follows:

    1.    On February 25, 2003, Plaintiff, Michael Moline, by and through his attorneys at the law firm Krohn & Moss[1], filed a complaint against Experian alleging various violations of the Fair Credit Reporting Act ("FCRA").

    2.    Count One of the Complaint alleged that Experian violated sections 1681o (negligence) and 1681n (willful conduct) of the FCRA because Plaintiff's credit report reflected that payments had been made late on a Ford Motor Credit Corporation ("FMCC") account on which Plaintiff had joint liability. Plaintiff contended that this reporting was inaccurate.

    3.    Experian requested and was granted an extension of time in which to Answer. Experian filed its Answer and Affirmative Defenses on April 7, 2003.

---

[1] Larry Smith and Amy Schwab of Krohn & Moss represented Plaintiff.

4.  On April 17, 2003, counsel for Experian requested that Plaintiff's counsel, Krohn & Moss, voluntarily dismiss the case because the FMCC information Experian reported was accurate. <u>See</u> April 17, 2003 e-mail from D. Rawlin to A. Schwab, attached as Exhibit A. Amy Schwab asked Experian's counsel to provide relevant authority supporting Experian's position. <u>See</u> April 17, 2003 e-mail from A. Schwab to D. Rawlin, attached as Exhibit B. Experian's counsel cited the Equal Credit Opportunity Act ("ECOA") and federal regulations mandating that Experian report such joint account information as well as relevant case law. <u>See</u> April 17, 2003 e-mail from D. Rawlin to A. Schwab, attached as Exhibit C. Krohn & Moss refused to voluntarily dismiss the case.

5.  On April 30, 2003, Krohn & Moss sent Experian's counsel a settlement demand letter.

6.  On May 2, 2003, Experian's counsel responded to Plaintiff's demand letter with a request that Plaintiff voluntarily dismiss his case because the FMCC information Experian reported was accurate. <u>See</u> May 2, 2003 letter from D. Rawlin to A. Schwab, attached as Exhibit D. Experian's counsel also put Krohn & Moss on notice that Experian considered Plaintiff's continued prosecution of the lawsuit as constituting bad faith and/or harassment.

7.  On May 12, 2003, a settlement conference was held on this matter. At the conference, Experian presented documentation from FMCC demonstrating that Plaintiff had signed a contract making him jointly liable on the FMCC account. Experian also presented the Court with a reversal request form Plaintiff signed three years *after* his divorce stating he agreed and understood that he was not released from liability and that he remained jointly and severally liable until the FMCC account was paid in full. Experian presented the Court and Krohn &

Moss with citations to the ECOA, federal regulations, and case law demonstrating that the FMCC account was accurate and it was lawful for Experian to report it.

8.      On May 21, 2003, Experian's counsel again contacted Krohn & Moss and requested, in light of the FMCC documents Experian produced at the settlement conference, that Plaintiff voluntarily dismiss his case. See May 21, 2003 e-mail from D. Rawlin to A. Schwab, attached as Exhibit E. Krohn & Moss refused.

9.      On May 27, 2003, Experian reiterated its request that Plaintiff voluntarily dismiss his case as it had no merit in law or fact. See May 27, 2003 e-mail from D. Rawlin to L. Smith, attached as Exhibit F. Experian's counsel again put Krohn & Moss on notice that if Experian was awarded summary judgment, Experian would seek to recover its attorneys' fees and costs. Id.

10.      On July 14, 2003, Experian filed its motion for summary judgment, memorandum in support, statement of facts, and appendix of exhibits.

11.      On August 4, 2003, Experian's counsel sent a letter to Krohn & Moss, in accordance with Magistrate Judge Keys's order regarding settlement, repeating Experian's request that Plaintiff voluntarily dismiss his case. See August 4, 2003 letter from D. Rawlin to A. Schwab, attached as Exhibit G.

12.      On August 7, 2003, Krohn & Moss responded that they would not dismiss Plaintiff's Complaint despite the authority and evidence supporting Experian's position.

13.      On August 13, 2003, a settlement conference was held with Magistrate Judge Keys. Experian presented the same arguments and evidence. Krohn & Moss refused to voluntarily dismiss Plaintiff's case.

14.     On August 14, 2003, Plaintiff, through Krohn & Moss, filed his opposition to summary judgment instead of voluntarily dismissing his case.

15.     On August 21, 2003, Experian filed its reply in support of summary judgment.

16.     On September 24, 2003, Plaintiff filed a motion for leave to supplement his opposition with additional authority.

17.     On September 30, 2003, Experian filed its response to Plaintiff's supplemental authority.

18.     On October 23, 2003, this Court issued its Memorandum Opinion and Order granting Experian's motion for summary judgment and dismissing the case with prejudice. As the basis for its ruling, the Court held that the FMCC information Experian reported was accurate as a matter of law – exactly as Experian had insisted for over six months. The Court relied upon the same arguments and federal regulations Experian provided to Krohn & Moss months earlier in holding that Experian's reporting was lawful.

19.     Experian is entitled to costs, expenses and attorney's fees pursuant to 28 U.S.C. § 1927. That statute provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

20.     The Court of Appeals for the Seventh Circuit has upheld the imposition of sanctions when counsel acted recklessly; counsel raised baseless claims despite notice of the frivolous nature of the claims; or counsel otherwise showed indifference to statutes, rules or court orders. Kotsilieris v. Chalmers, 966 F.2d 1181, 1183-84 (7th Cir. 1992). "A party risks sanctions for failing to make a reasonable inquiry into the factual and legal basis for an asserted claim." El Dada v. The Oil Mart Corp., No. 94 C 3829, 1995 U.S. Dist. LEXIS 13740, at * 1-*2

(N.D. Ill. Sept. 20, 1995) (Castillo, J.) (citing <u>Fred A. Smith Lumber Co. v. Edidin</u>, 845 F.2d 750 (7th Cir. 1988), attached as Exhibit H. Moreover, in assessing whether an attorney's actions were objectively unreasonable "a court may infer intent from a total lack of factual or legal basis for a suit." <u>Burda v. M. Ecker Co.</u>, 2 F.3d 769, 777-78 (7th Cir. 1993) (awarding defendant costs and fees under 28 U.S.C. § 1927).

21.     Here, Plaintiff's claims had no legal or factual basis. Where a plaintiff's position is not supported by any colorable legal argument, it is reasonable to presume that such arguments are pursued to "vex" defendants. See <u>Burda</u>, 2 F.3d at 777.

22.     Section 1927 imposes a duty on attorneys "to make a reasonable inquiry into the factual and legal basis for an asserted claim," <u>El Dada</u>, 1995 U.S. Dist. LEXIS 13740 at * 1-*2, and "imposes a continuing duty on counsel to dismiss claims that are no longer viable," <u>Burda</u>, 2 F.3d at 778.

23.     Krohn & Moss did not make a reasonable inquiry into the factual and legal basis for Plaintiff's claims before filing. Illinois divorce law is clear that a divorce decree does not terminate an individual's contractual liability to a third party; even a cursory review of the law would have revealed this fatal flaw in Plaintiff's case. Experian told Plaintiff that his divorce decree may not affect his contracts with creditors back on January 30, 2003 in response to Plaintiff's dispute letter. See Moline Dep. at 47-48, excerpts attached as Exhibit I. Trans Union, another credit reporting agency, told Plaintiff that a divorce decree does not override an original contract with a creditor in May, 2001 and January, 2003. Id. at 81-80, 50-51. Although Plaintiff alleged that Experian's reporting of the FMCC account was inaccurate, Krohn & Moss made no effort to obtain critical FMCC documents – including the reversal request form Plaintiff signed three years *after* his divorce in which he re-affirmed his liability on the account – until after the

Complaint was filed. In fact, Experian obtained and provided the documents to Krohn & Moss once the litigation was commenced.

24.     Krohn & Moss also had a continuing duty to dismiss Plaintiff's claims once confronted with insurmountable authority and evidence that Plaintiff's claims had no merit. Krohn & Moss was repeatedly put on notice that Plaintiff had no claim and was repeatedly given the opportunity to dismiss the Complaint. Experian provided Krohn & Moss cogent authority on April 17, 2003 that demonstrated Plaintiff's claim was without merit. Experian provided Krohn & Moss additional factual evidence at the May 12, 2003 settlement conference in the form of the FMCC documents that conclusively established that Plaintiff was liable on the account and had re-affirmed his liability three years *after* his divorce. FMCC's counsel also provided legal authority to Krohn & Moss demonstrating that Plaintiff had no claim and asked Plaintiff to dismiss his Complaint against FMCC; in the alternative, FMCC's counsel asked Krohn & Moss to provide any authority for Plaintiff's assertion that his divorce decree terminated his contractual obligation to FMCC. See May 28, 2003 letter from M. Schulz to L. Smith, attached as Exhibit J. Krohn & Moss never addressed this fundamental flaw in Plaintiff's case(s). Instead, Krohn & Moss repeatedly ignored cogent Illinois and federal authority that demonstrated Plaintiff's claims had no merit. Krohn & Moss deliberately turned a blind eye to the mountain of evidence and authority that doomed Plaintiff's claim and stubbornly forged ahead. Thus, under § 1927 and Kotsilieris, Krohn & Moss acted unreasonably and vexatiously.

25.     Plaintiff's claims in this lawsuit and two other virtually identical lawsuits in this Court, Michael Moline v. TransUnion LLC and Ford Motor Credit Co., Case No. 03-CV-1376 and Michael Moline v. Equifax Credit Information Services Inc., Case No. 03-CV-3237, were premised upon Plaintiff's misunderstanding of the law. Plaintiff admitted at deposition that he

had never asked an attorney or done any legal research to determine if his divorce decree terminated his contractual obligation to FMCC. (Moline Dep. at 52-53.) He admitted that he did not know if his arguments were wrong. (Id. at 53-54.) *But that is exactly why Plaintiff was represented by counsel in this case.* Krohn & Moss had a duty to evaluate Plaintiff's claim and recognize – before filing suit, or, at the very least at *some* point – that Plaintiff's claim had no basis in law or fact. Krohn & Moss abdicated that duty and instead forced Experian to respond to, and propound, written discovery; conduct depositions; serve subpoenas on third-parties; attend court hearings and settlement conferences; and ultimately move this court for summary judgment. Thus, sanctions are appropriate for Krohn & Moss's unreasonable and vexatious conduct.

26.     Experian estimates that its expenses including travel expenses, duplication charges, electronic research charges, telephone and facsimile charges related to the defense of this case amount to approximately $4,000.

27.     Experian estimates that the attorney's fees incurred in this matter amount to approximately $30,000.

28.     Experian is filing this motion to comply with the deadline imposed by F.R.C.P. 54(d)(2). Experian requests that this Court issue an order pursuant to Local Rule 54.3(b) providing instructions and deadlines for the parties' post-filing compliance with the requirements of Local Rule 54.3 regarding the negotiation of attorneys' fees.

WHEREFORE, Experian Information Solutions, Inc. respectfully requests that this Court enter an order:

1)    Pursuant to Local General Rule 54.3(b) that a fee motion be filed on or before 90 days from the entry of the dismissal order;

2)    Awarding attorney's fees to Experian against Plaintiff's counsel, Krohn & Moss; and

3)    Directing Plaintiff's counsel, Krohn & Moss, to pay Experian's expenses and costs.

Dated: November 5, 2003          Respectfully submitted,

Dustin B. Rawlin, *Pro Hac Vice*
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Gregory S. Otsuka
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served via U.S. Mail, postage pre-paid this

5th day of November, 2003, upon the following:

      Larry Smith, Esq.
      Krohn & Moss, Ltd.
      120 W. Madison St., 10th Floor
      Chicago, IL 60602
      Attorneys for Plaintiff

                                        _Dustin B Rawlin_
                                      Attorneys for Defendant
                                      Experian Information Solutions, Inc.

# SEE CASE

# FILE FOR

# EXHIBITS